

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG:PTH                                         *271 Cadman Plaza East*
                                                *Brooklyn, New York 11201*

September 13, 2016

By Hand and ECF

The Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Rodney Muschette, et al.
               Criminal Docket No. 15-525 (ERK)

Dear Judge Gold:

      The government respectfully submits this reply to defendant Muschette's letter in opposition (hereinafter, "Muschette's Opposition") to the government's August 2, 2016 motion to deny the defendants' oral request that the Court direct the government to subpoena and produce prison calls of prospective government witnesses. For the reasons stated herein and in the government's original motion, the defendants' request should be denied.

DISCUSSION

      Muschette's Opposition demands the production of prison calls and emails of any witnesses the government intends to call at trial. Muschette argues that he is entitled to these materials because the Federal Bureau of Prisons ("BOP") purportedly acted as a "de facto arm of the government" with respect to the charged retaliation murder. Specifically, Muschette asserts that "[t]he government has alleged that the murder of Nashwad Johnson was ordered and planned by inmates, aided by guards, at the Metropolitan Detention Center, Brooklyn ("MDC")," and that the BOP "was closely involved in the investigation into this murder." Muschette Opp. at 1-2. Muschette contends that the government thus has a duty to learn of any Brady or Giglio material that might be in the possession of the BOP. Id.

      These arguments are meritless because they depend on Muschette's misrepresentation of the BOP's role in the murder and investigation. Although the government's investigation has revealed that the murder occurred as a result of the victim's perceived cooperation against the leader of the Eight Trey Crips, who was a federal inmate at

the time of the murder in part as a result of Johnson's cooperation, and that a BOP guard improperly revealed a separation order between Johnson and the leader more than two years before Johnson's murder, the government has never alleged, nor could it, that prison guards aided the murder or that the BOP was involved in the murder investigation.[1]

Accordingly, this is not, as Muschette contends, a "uniquely compelling" case where BOP's involvement somehow justifies his demand for government witnesses' prison calls. Muschette Opp. at 2. Muschette has been unable to articulate a legitimate reason for needing to review the prison calls, or how those calls would be relevant and admissible, as United States v. Nixon, 418 U.S. 683, 700 (1974), requires. His request thus constitutes an impermissible "fishing expedition" that should be rejected.[2]

I.  Muschette's Demand for the Production of Prison Calls Fails Because It Is Based on a Misrepresentation of the BOP's Role in the Charged Murder and the Investigation

Muschette argues that he is entitled to BOP calls of government witnesses because the BOP was purportedly involved in Johnson's murder and the subsequent investigation of that murder. Specifically, Muschette states that "the BOP, whose employees are alleged to have been complicit in a murder, has acted on the government's behalf" and that "the government alleges that the BOP was closely involved in the investigation into this murder." Muschette Opp. at 2. However, these statements are false. The government has never alleged that BOP employees were complicit in the murder or that the BOP was closely involved in the investigation into this murder. Therefore, Muschette's primary argument for

---

[1] The government's murder allegations reference the BOP only with respect to Eight Trey Crip leader Larry Pagett's call with his sister on the evening of his December 30, 2008 sentencing. The government's other references to prison calls relate to an MDC guard informing Pagett in 2006 that there was a separation order between Johnson and Pagett, and to Pagett's, the defendants' and other Eight Trip Crip members' subsequent threats in 2006 and 2007 that Johnson not cooperate with the government.

[2] As an initial matter, the government had standing to file its original motion. Muschette argues that the government's original motion was a motion to quash a subpoena served by Muschette on the BOP and that the motion was improper because BOP did not request the government to quash the subpoena on its behalf. Muschette Opp. at 3. Muschette is wrong. The government's original motion was not a motion to quash. Rather, it was a motion to deny the defendants' oral request that the Court direct the government to subpoena and produce its witnesses' prison calls. In fact, to the government's knowledge, Muschette has to date not served any such subpoena, and he had not served such a subpoena prior to the government's original motion.

2

obtaining government's witnesses' prison calls – that the BOP was involved in the murder and investigation – is baseless.[3]

II.     Muschette Cites No Authority Entitling Him to the Production of the BOP Calls He Seeks

Muschette cites what he describes as a "string of cases in which BOP subpoenas were enforced" in support of his argument that he is entitled to the production of BOP calls of prospective government witnesses.  Muschette Opp. at 2.  None of these cases, however, is of any help to Muschette because he has not made – and cannot make – the necessary showing to obtain any of the BOP calls he seeks.

In one case Muschette cites – United States v. Barnett, 2006 U.S. Dist. LEXIS 54170 (S.D.N.Y. 2006) – the court granted the government's motion to quash a subpoena served on MDC for the same reasons that Muschette's demand for prison calls fails here.  The court held that the defendant's subpoena seeking "all recorded telephone conversations" by two inmates over a nine-month period failed to establish that the subpoenaed calls contained admissible evidence.  Indeed, the court held that none of the three Nixon hurdles of relevancy, admissibility and specificity had been cleared and that allowing the defense to obtain the materials sought "would undercut the limited right of discovery under Rule 16."

Two cases Muschette cites in which the court declined to quash a defendant's subpoena for BOP calls also cut against Muschette.  In United States v. Tilghman, 2004 U.S. Dist. LEXIS 14157 (S.D.N.Y. 2004), the court declined to quash a defendant's subpoena served on the MDC seeking prison calls of a cooperating witness only after the defendant articulated the relevancy and admissibility of the calls and the specific need to review them.  Namely, the defense asserted that its investigator had determined that the cooperating witness had made statements in prior MDC calls "openly inconsistent with the expected testimony at trial" and it believed additional MDC calls might reflect similar inconsistencies.[4]  Likewise, in United States v. Tucker, 249 F.R.D. 58, 66 (S.D.N.Y. 2008), the court declined to quash a defendant's subpoena because the defendant pointed to specific transcripts of calls made by a cooperating witness indicating that the witness may have received inducements that were not disclosed in his cooperation agreement.  Thus, the court found that the defendant had shown that the subpoenaed recordings may be material to his

---

[3] Muschette also contends that the government "routinely requests and receives" prison calls "without even the formality of serving a subpoena." Muschette Opp. at 3.  This is wrong.  The government is required to subpoena the BOP to receive prison calls.

[4] Even then, the court ordered an in camera review of the subpoenaed calls to determine if any of the statements therein were materially inconsistent with the cooperating witness's testimony before potentially turning the recordings over to the defense.

3

defense and that he had "reasonably targeted" the subpoena to ensure the production of material evidence. Id.[5]

Muschette's demand for prison calls of potential government witnesses has provided none of the specificity offered by the defendants in Tilghman or Tucker, nor has he been able to identify the relevancy and admissibility of the calls he seeks. As discussed above, Muschette attempts in vain to clear these three Nixon hurdles by misrepresenting the role that BOP played in the charged murder and the investigation. Muschette's "fishing expedition" is expressly prohibited by Nixon and should be rejected.[6]

## CONCLUSION

For the foregoing reasons, the government respectfully asks the Court to deny the defendants' request that the government be directed to subpoena and produce prison calls of prospective government witnesses.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:  /s/
Elizabeth Geddes
Patrick Hein
Assistant U.S. Attorneys
(718) 254-6430/6284

cc: Clerk of Court (ERK) (by ECF)
Defense Counsel (by ECF)

---

[5] With respect to the other cases included in Muschette's string cite, he either fails to cite a specific court opinion or he cites to an opinion that does not address the issue at hand. See Muschette Opp. at 2.

[6] Muschette's constitutional due process and assistance of counsel arguments are baseless. Muschette Opp. at 3-4. The government has met and will continue to meet its constitutional duties in this case.